Parker, C. J.
The provision, under which the respondent claims an exemption from duty under the militia laws of the United States and of this commonwealth, is thus expressed: “ all mariners actually employed in the sea service of any citizen or merchant within the United States.” He claims to be such a mariner, on the ground that he is master of a vessel or lighter of thirty-three tons, enrolled and licensed, and as having paid hospital money.
The exemption is to be determined by the occupation of the' person claiming to be a mariner, and not by the character of the vessel; for a small vessel may be enrolled, and hospital money may be paid for the very purpose of evading militia duty.
It appears that the respondent was not employed in the sea service, but only in the transportation of stones, &c., from one part of the same district to another. * There is no difference in principle between this case and that of Piatt vs. Hall. For the difference in the size of the vessel, and the increased distance of transportation, cannot give an exemption, where the nature of the business is the same, and where it is not necessary to go beyond the bay, or out of the reach of common law jurisdiction, to pursue that business.
The case of fishermen would seem to require the exemption much more than those who are employed, like the respondent, ir transporting stones from one river or inlet to another within the same bay; for the former are constantly upon the water, and cannot so well calculate their business on shore as the latter. But the legislature has refused this exemption to fishermen. For, by the statute of 1814, c. 63, they repealed the statute of 1810, c. Ill, which secured this privilege to fishermen, considering them not as mariners employed in the sea service. Those fishermen who are employed in the bank fishery are probably to be considered as mariners, while actually engaged therein. But there seems *339 to be no reason why the master of a small vessel, plying from Braintree or Weymouth to Boston, should be exempt, which would not in a great measure apply as well to teamsters who should carry on the same business in wagons and carts.

Proceedings affirmed, 

(a)

 [Bayley vs Merritt, 2 Pick. 597. — Commonwealth vs. Douglass, 17 Mass. Rep. 49. — Ed.]